## Case No. 12,587a.

SEARLES et al. v. VAN NEST et al.

[5 Ban. & A. 456.] [1]

Circuit Court, S. D. New York. May, 1880.

PATENTS — WHIP-SOCKET — REHEARING — NOVELTY.

The validity of the complainants' patent for a whip-socket, which was sustained by the court in Searles v. Van Nest [Case 12,587], confirmed, upon a rehearing on further evidence attacking the novelty of the invention.

[This was a bill in equity by Anson Searles and others against Abraham R. Van Nest and others for the infringement of letters patent No. 70,627, granted to E. W. Scott November 5, 1867, reissued March 6, 1873, No. 5,400. There was a decree for complainant (Case No. 12,587), and the cause is now before the court on a rehearing.]

J. P. Fitch, for complainants.
C. J. Hunt, for defendants.

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

WHEELER, District Judge. This cause has been reheard upon new evidence, admitted by stipulation, as to novelty. The patent is for a whip-socket having a pivoted lever at one side to hold the stock of the whip against the other side, crooked and adjusted so that the stock, when it descends as it is inserted, will crowd the lower part of the lever outward, bringing the upper part inward, when both ends will hold the stock firmly in its place until it is withdrawn, when, as it is raised, the weight of the lever will carry the upper part outward and the lower inward, opening the socket ready for the whip again.

The new evidence shows, as anticipatory devices, a sewing bird, with jaws formed by a lever and closed by a spring; a turning tube, with a pivoted lever carrying a turning knife at one end, which is brought down to its place for turning bed pins by the pin to be turned pressing, when inserted, against the other end of the lever; a carpenter's-bench clutch made of pivoted levers to clamp the thing inserted at one end of them, by being pressed apart by it at the other, and a paper clamp to be hung on the wall with an index pivoted so as to fall by its weight against the other part, and hold paper placed between them.

If the invention had been merely of a pivoted lever forming a clamp by the force of insertion of the thing to be held, or by its own weight, it might be anticipated and defeated by some of these things; but it is much more than that, the whip-socket must be placed perpendicularly, and be arranged for the ready insertion, firm holding, and easy withdrawal of the whip, to be of the least utility. To do these things by means of the pivoted lever it must be shaped and adjusted so that the weight of the whip will move the lower end of the lever and clamp the stock with the upper end, and the whip be held in place without falling through, and so that the upper part will open by the weight of the lever when the whip is withdrawn. None of the things shown have all these functions, and some of them have hardly any. When all of them were known the exercise of inventive faculties would be required to make the whip-socket. None of them would be an infringement of the patent.

Let the same decree be entered as before.